**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2276
_____

IN RE: REZA FARZAN,
                                            Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3:24-cv-09116)
District Judge:  Honorable Robert Kirsch

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 11, 2026
Before:  BIBAS, CHUNG, and BOVE, *Circuit Judges*

(Opinion filed: July 8, 2026)
_____

OPINION*
_____

PER CURIAM

    Reza Farzan appeals *pro se* from the District Court's order affirming the

Bankruptcy Court's dismissal of his Chapter 13 petition and denying other relief.  We

will affirm.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

This appeal is the latest in a series of proceedings relating to the foreclosure of Farzan's New Jersey home, which has been the subject of a final state-court judgment since September 2019. Farzan did not appeal that judgment. *See In re Farzan*, C.A. No. 21-1334, 2021 WL 4075750, at *1 (3d Cir. Sept. 8, 2021) (*per curiam*). Nor has he agreed to vacate the property. Instead, he filed more than a dozen federal lawsuits in the ensuing years to forestall his eviction. He also petitioned for bankruptcy on three separate occasions, most recently in September 2023. The Bankruptcy Court dismissed that petition in April 2024 upon finding that Farzan filed it in bad faith; the dismissal order barred him from filing another Chapter 13 petition for one year. Farzan unsuccessfully sought reconsideration and "multiple reliefs" and then appealed to the United States District Court for the District of New Jersey. The District Court denied several of Farzan's motions on the way to denying his appeal and affirming the Bankruptcy Court's orders. He appeals those rulings and moves to strike the appearance of Friedman Vartolo LLP's counsel on the grounds that the FDCPA or the Americans with Disabilities Act prohibits counsel from representing his own employer or its debt-collector client, Shellpoint Mortgage Servicing (Appellees both), in this matter.

We have jurisdiction under 28 U.S.C. §§ 158(d) and 1291. We review the District Court's decision *de novo* because it sat as an appellate court reviewing the Bankruptcy Court's order. *In re Continental Airlines*, 125 F.3d 120, 128 (3d Cir. 1997). Dismissals of bad-faith Chapter 13 petitions are subject to an abuse-of-discretion standard. *See In re LTL Mgmt., LLC*, 64 F.4th 84, 99 (3d Cir. 2023).

We see no error or abuse of discretion in the dismissal of Farzan's bankruptcy petition or the resolution of his appeal and ancillary motions. "[L]ack of good faith in filing [a Chapter 13 petition] is sufficient cause for dismissal under [11 U.S.C. §] 1307(c)." *In re Lilley*, 91 F.3d 491, 496 (3d Cir. 1996). "Bankruptcy Courts may reasonably find that bad faith exists where the purpose of the bankruptcy filing is to defeat state court litigation without a reorganization purpose." *In re Myers*, 491 F.3d 120, 125 (3d Cir. 2007) (citation and internal quotation marks omitted). Petitioning for bankruptcy to thwart foreclosure proceedings or judgments is an emblematic act of bad faith. *See In re Casse*, 198 F.3d 327, 332-33 (2d Cir. 1999). Farzan's quixotic litigation strategy over the past decade provides ample reason to believe that he initiated these bankruptcy proceedings simply to frustrate the execution of the final judgment of foreclosure entered by the Superior Court of New Jersey nearly seven years ago. And because dismissal was appropriate under the circumstances, his other challenges to the Bankruptcy or District Courts' adverse rulings on his miscellaneous motions are unavailing.

Accordingly, we will affirm the judgment of the District Court.[1]

---

[1] Farzan's motion to strike is denied because he has not demonstrated how counsel's representation presents a conflict of interest.